TECHE LINES, INC. *v.* LOTT.

(In Banc. Oct. 28, 1940. Suggestion of Error Overruled Nov. 25, 1940.)

[198 So. 292. No. 34271.]

Hugh V. Wall, of Brookhaven, for appellant.

M. S. McNeil and R. O. Arrington, both of Hazlehurst, for appellee.

McGehee, J., delivered the opinion of the court.

There was a verdict and judgment for $1,500 recovered by the appellee against the appellant bus company as damages for the mental pain and suffering experienced by her on account of the refusal of the bus driver to permit her to take passage on an overcrowded bus from Hazlehurst to Jackson, Mississippi, on the afternoon of Saturday, July 29, 1939, for the purpose of keeping a 1 o'clock appointment with a physician in Jackson who was administering daily treatment to her sick baby which she had in her arms at the time she attempted to take passage on the bus in question. The amount of the judgment would also indicate that punitive damages were included in the verdict, as that issue was submitted to

the jury on the ground that the bus driver, who had stopped his crowded bus upon being signaled to do so and to explain that he had no more vacant seats thereon, had rejected the offer of a gentleman passenger to vacate his seat for the appellee and said to him, "That is all right, she can catch the extra bus right behind me," and then slammed the bus door in a rude manner.

The proof disclosed, without conflict in the testimony, that the bus in question left New Orleans en route to Jackson early that day with nearly all of its seating capacity taken; that another bus left New Orleans five minutes later, running on the same schedule, to take care of the overflow traffic; and that the bus driver, whose conduct is complained of, had a right to assume in good faith that this second bus would arrive at Hazlehurst almost immediately behind his bus at the time he refused the appellee passage. It was further shown that the first bus, upon arriving at the store where the appellee sought to take passage in the southern part of the City of Hazlehurst, was not only filled to its entire seating capacity but was conveying five or six additional passengers who were standing in the aisle; that, while the bus driver thereafter permitted others to take passage at the station in Hazlehurst and Crystal Springs, he did so after first explaining to them that he had no vacant seats left; and that the seat which the appellee claims was offered to her at the time she was refused passage was some kind of small seat near the front beside the driver.

Under the rules and regulations of the bus company, which is operated under the supervision of the Public Service Commission, this common carrier reserves unto itself full control and discretion as to the seating of the passengers, and it was provided that in case of insufficient seating capacity on any schedule, the additional passengers could be placed on a motor coach on the first following available schedule. But, without regard to any rule or regulation in that behalf, we are of the opinion that it was a reasonable requirement under the circum-

stances disclosed in this record that the appellee should be asked to await the extra bus which was then thought to be following immediately behind the first one and on the same schedule. The proper solicitude for the comfort and welfare of passengers already on board would, under ordinary circumstances, justify the failure of a bus driver to acquiesce in the offer of any of such passengers to vacate a seat in favor of others desiring to take passage where he has good reason to believe that another bus is following immediately behind him with available seating room thereon. But, even under the facts of this case, we do not think that the appellant violated any legal duty which it owed to the appellee in refusing to carry her on this particular bus; neither do we think that his action in so doing was characterized by such insulting, malicious or oppressive conduct as would justify the infliction of punitive damages, as for a willful wrong. Contrary to the bus driver's reasonable expectation, it later developed that the second bus was more than one and one-half hours late, but no physical injury or inconvenience is shown to have been suffered by the appellee herself, and the suit is brought in her own right alone.

We are of the opinion that the peremptory instruction for a directed verdict, which was requested by the appellant, should have been sustained.

Reversed and judgment here for the appellant.